

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| JAMES A. BROOKS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-837-MGL |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL,
AND DEEMING AS MOOT ALL REMAINING MOTIONS**

Plaintiff James A. Brooks (Brooks), who is representing himself, filed this action against

Defendant Portfolio Recovery Associates, LLC (Portfolio), alleging violations of state and federal

law.

This matter is before the Court for review of the Report and Recommendation (Report) of

the United States Magistrate Judge recommending the Court grant Brooks's motion for voluntary

dismissal, subject to the following conditions: (1) if Brooks files an action based on or including

the same claims against Portfolio in the future, Portfolio may seek costs from this action under

Federal Rule of Civil Procedure 41(d); and (2) any discovery materials or other evidence obtained

during the course of this litigation may also be used in any subsequent matter.  The Report was

made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South

Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 25, 2025.  To date, the parties have failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Brooks's motion for voluntary dismissal is **GRANTED**, subject to the conditions set forth above, and his claims against Portfolio are dismissed without prejudice.  As a result of the Court's ruling, all remaining motions are necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 6th day of October 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from

the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3